# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| KIMBERLI HIMMEL, aka Kimberli Himmell,[1] | § § § |
| Petitioner, | § § |
| VS. | §  Civil Action No. 4:18-CV-804-O § |
| JODY R. UPTON, Warden, FMC-Carswell, | § § § § |
| Respondent. | § |

## OPINION AND ORDER

Before the Court is Kimberli Himmell's ("Himmell") amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 with an incorporated memorandum. Am. Pet. 1–9, ECF No. 9; Mem.10–19, ECF No. 9. Warden Jody Upton filed a response with appendix to which Himmell filed a reply. See Resp., App., and Reply, ECF Nos. 18, 19, and 24.

After review of the pleadings, the records, and applicable law, the Court **DISMISSES** Himmell's § 2241 petition for lack of jurisdiction.

## I.  BACKGROUND

Himmell was sentenced by the United States District Court for the Northern District of Ohio to 60 months' imprisonment to be followed by a 3-year term of supervised release for multiple violations of 18 U.S.C. § 1344, bank fraud. Am J., ECF No. 37, *United States*

---

[1] Although Petitioner spells her last name "Himmel" in her petition, the name on her Judgment and her committed name within the Bureau of Prisons is spelled "Himmell." Thus, the Court will refer to her with the latter spelling.

*v. Himmell*, No. 5:17-cr-120-DCN, (N.D. Ohio Sep. 27, 2018).[2] If Himmell receives all projected good conduct time credit, she will be released from Bureau of Prisons ("BOP") custody on June 17, 2022. App. 28, ECF No. 19. Himmell initially filed her § 2241 petition in the Dallas Division, but the case was then transferred to this division, and assigned to the "O" docket of the undersigned.[3]

## II. CLAIMS FOR RELIEF

In the § 2241 amended petition and memorandum, Himmell alleges violations of her rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution. Specifically, Himmell alleges she suffered cruel and unusual punishment in violation of the Eighth Amendment when officials at FMC-Carswell failed to provide her adequate care for her serious medical needs and failed to authorize a kidney transplant for her. Am. Pet. 5, ECF No. 9; Mem 10–11, 13, ECF No. 9. She also alleges that she was deprived of due process of law in violation of the Fifth Amendment, and/or deprived of her right to equal protection of the law under the Fourteenth Amendment, because FMC-Carswell officials failed to authorize a kidney transplant for her, even though they have authorized such transplants for male patients. Am. Pet. 6, ECF No. 9; Mem 12–14, ECF No. 9. In addition to her constitutional claims, Himmell also complains of the denial of her motion/request for compassionate release.[4] Am. Pet. 6, ECF No. 9; Mem 15–17, ECF No. 9. She insists that she

---

[2] The Court takes judicial notice of the docket and records of *United States v. Himmell*, No. 5:17-cr-120-DCN (N.D. Ohio Sep. 27, 2018). *See* FED. R. EVID. 201(b)(2) and (c)(1).

[3] Himmell also filed a civil complaint in this division that remains pending. *See Himmel v. Upton*, No. 4:18-cv-548-O.

[4] The BOP's policy on compassionate release is outlined in Program Statement 5050.49, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g). App. 30-46, ECF No. 19. Himmell submitted a request for consideration for

should be granted compassionate release because she has a terminal medical condition and should be released from BOP custody to receive a kidney transplant, while her sentence is stayed during any outside transplant procedure. Am. Pet. 6, ECF No. 9; Mem 12–14, ECF No. 9.

## III. ANALYSIS

### A. Claims of Violations of the Constitution

Section 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Petitioner, however, in much of her amended petition and supporting memorandum, is not challenging the duration of her sentence, but instead seeks relief against the conditions of her confinement. As her constitutional claims attack the conditions of her confinement and not the fact or duration of her custody, they are not cognizable in a habeas petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement"); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) ("If a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release," the proper course for the prisoner is a civil rights action); *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review

---

compassionate release under 18 U.S.C. § 3582(c)(1)(A) on May 18, 2018. App. 16-22, ECF No. 19. Jody Upton, the Warden of FMC-Carswell, denied her request via memorandum dated May 24, 2018. App. 24, ECF No. 19. Himmell's request was considered and denied under the criteria for a terminal medical condition. *Id.*

3

questions unrelated to the cause of detention"). Thus, Himmell's constitutional-based claims regarding the conditions of her confinement are outside the proper scope of a § 2241 petition. *See Schipke v. Van Buren*, 239 F. App'x 85, 2007 WL 2491065 at *1 (5th Cir. Aug. 30, 2007) (holding that petitioner's claims were outside scope of § 2241 motion where none of the claims raised challenged the fact or duration of her confinement and none, if prevailed on, would have entitled her to accelerated release and thus should have been raised in *Bivens* action).

Himmell's claims of violations of her constitutional rights, even if true, would not impact the duration of her custody. The Court therefore lacks jurisdiction to consider these claims.[5]

### B. Claim Seeking an Order for Compassionate Release

Otherwise, Himmell's remaining claim in the § 2241 petition is a challenge to the denial of compassionate release. Am. Pet. 7, ECF No. 9; Mem. 17, ECF No. 9. The Fifth Circuit has addressed a similar issue, where an inmate sought compassionate release due to her medical condition by filing a petition under § 2241. *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009). The court of appeals affirmed the district court's determination that it could not grant relief under § 2241 because the petition was "not in reference to the imposed sentence but for medical needs." *Id.* The court of appeals determined that because the § 2241 petition was grounded on the inmate's medical needs, denial was appropriate, as "[a] compassionate release request is not a matter of illegal or unconstitutional restraint." *Id.*

Application of *Figueroa* to the issues presented here leads to the same result. Although, as noted above, Himmell raised constitutional challenges to her conditions of confinement, she did not

---

[5]As noted above, Himmell has separately pursued relief for the same constitutional claims in a civil suit against several individual defendants and the BOP. Am. Pet. 7, ECF No. 9; *see Himmel v. Upton*, No. 4:18-cv-548-O.

claim she is "in custody" due to those violations. Himmell does not allege she is in custody as a result of a constitutional violation, but rather, she seeks release based solely on her medical needs. Therefore, a petition under § 2241 is not the proper means by which Himmell may obtain the relief sought. Other courts in this district have reached the same conclusion. *See Mills v. Upton*, No. 4:14-cv-432-A, 2014 WL 2872296, at *2 (N.D. Tex. June 24, 2014) (finding that § 2241 petition seeking release based solely on medical needs could not be pursued through a § 2241 petition); *see also Washington v. Chapman*, No. 4:09-cv-305-Y, 2009 WL 4729968, at * 2 (N.D. Tex. Dec. 10, 2009) ("Like the petitioner in *Figueroa*, Washington does not allege a constitutional violation is present in her first three grounds [challenging conditions of her housing]. Instead, she urges her release is necessitated because the BOP cannot accommodate her medical needs. Thus, the court cannot grant her relief under grounds (1) through (3) pursuant to § 2241.")

Based on these authorities, Himmell's claim for compassionate release is not properly sought in a petition under § 2241, and the petition must be dismissed for lack of jurisdiction.[6]

## IV. PENDING MOTIONS

Himmell has filed a document entitled "Stay of Sentencing Pending 2241 Habeas Relief." (ECF No. 14.) Because the Court has determined that it does not have jurisdiction to consider the § 2241 petition, the Court also does not have jurisdiction to rule on the motion/request for stay.

---

[6]The Court notes that compassionate release is provided for in 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has found that a district court, other than the sentencing court, lacks jurisdiction to consider a § 3582(c) motion. *See Landazuri v. Hall*, 423 F. App'x 475, 2011 WL 1659572, at *1 (5th Cir. April 28, 2011) ("Because Landazuri did not file this [3582(c)] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it"); *see also Clark v. Upton, Et Al.*, No. 4:19-cv-064-A (N.D. Tex. Feb. 22, 2019) ("Inasmuch as the court is to consider the factors set forth in 18 U.S.C. § 3552(a) in making a determination of the kind Clark seeks [compassionate release under § 3582(c)(1)(A)], the court finds that the sentencing court would be more appropriately suited to make the decision on Clark's motion"). Thus, any motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court.

5

Himmell has also filed two separate motions to compel this Court to issue a ruling on the pending § 2241 petition. (ECF Nos. 27 and 28.) Those motions will now be dismissed as moot.

## V. CONCLUSION and ORDER

It is therefore **ORDERED** that Himmell's motion/request for this Court to stay the imposition of her sentence (ECF No. 14) is **DISMISSED** for lack of jurisdiction.

It is further **ORDERED** that the motions to compel this Court to issue a ruling on the pending § 2241 petition (ECF Nos. 27 and 28) are **DISMISSED** as moot.

It is further **ORDERED** that Kimberli Himmell's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction**.**

**SO ORDERED** on this **11th day** of **March, 2019.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**